DerbigNY, J.
delivered tire opinion of the 1 court. In this case, the settlement of old and in- • iii 7, . . trícate accounts had been referred in the inferior court. Tiie referees made a report which was set aside, it is not seen upon what ground. The court afterwards pronounced judgment, allowing to the plaintiff nearly the same sum which the referees had found: and we are now called upon *564 say whether this iudgrnent was correct. But J J ° in the paper, called a statement of facts, which comes up with the record, there is nothing that can enable this court to understand the accounts on which the parties are at variance, nor what are the points on which the appellant may wish to obtain a decision here. The accounts were originally submitted to referees, with the power to summon and hear witnesses, and to call for the production of documents and papers. No traces remain of what has been proved before them ; and of such vouchers as are contained in the record, only a part is recognized in the statement of facts. The case is in such a situation that we find it impossible toadjucate upon it.
Moreau for the plaintiff, Duncan for the defendant.
It is ordered, that the appeal be dismissed with costs.